1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARMANDO VILLALOBOS PEREZ,

                            Petitioner,

        v.

STEPHEN SINCLAIR,

                            Respondent.

Case No. C20-1419-RSL-MLP

REPORT AND RECOMMENDATION

14      **I.      INTRODUCTION AND SUMMARY CONCLUSION**

15          This is a federal habeas action proceeding under 28 U.S.C. § 2254. Petitioner Armando

16   Perez seeks to challenge in this action a judgment and sentence entered under Skagit County

17   Superior Court Case No. 03-00560-5 for his 2004 convictions on two counts of child

18   molestation. Petitioner is no longer in physical custody, but he remains under the jurisdiction of

19   the Washington Department of Corrections pursuant to the challenged judgment. Respondent

20   filed an answer to Petitioner's petition together with relevant portions of the state court record,

21   and Petitioner filed a response to Respondent's answer. This Court, having reviewed Petitioner's

22   petition, the briefing of the parties, and the state court record, concludes that the petition should

23   be denied and this action should be dismissed with prejudice.

REPORT AND RECOMMENDATION
PAGE - 1

## II.    FACTUAL/PROCEDURAL HISTORY

The Washington Court of Appeals, in Petitioner's personal restraint proceedings, summarized the facts relevant to the claim asserted in this federal habeas action:

> The State charged Armando Perez with three counts of child molestation. State v. Perez, noted at 135 Wn. App. 1012, 2006 WL 286965, at *1 (Perez I). The case proceeded to trial, and prior to voir dire, the court provided prospective jurors with a questionnaire stating as follows:
>
>> Some of the questions may call for information of a personal nature that you may not want to discuss in public. If you feel that your answer to any questions may invade your right to privacy or might be embarrassing to you, you may so indicate on the form that you would prefer to discuss your answer in private. The court will give you an opportunity to explain your request for confidentiality in a closed hearing.
>
> The questionnaire informed potential jurors of the nature of the allegations. It also included questions about Perez being a Pentecostal minister, knowledge of the Spanish language and travel to Spanish-speaking countries, and the jurors' personal experiences related to sexual abuse and misconduct. The questionnaire invited jurors to indicate if they preferred to discuss any answers in private.
>
> In total, 15 members of the venire were questioned in chambers. Perez was present and both the prosecutor and defense attorney participated in the questioning. Two of the privately questioned individuals were ultimately selected for the jury.
>
> The jury convicted Perez as charged. Perez I, 2006 WL 286965, at *1[.] On appeal, Perez's counsel did not raise a public trial claim. See id. In 2007, on remand from the decision on appeal, Perez was resentenced on two molestation counts and the State dismissed the third count. In re Pers. Restraint of Perez, noted at 194 Wn. App. 1041, 2016 WL 3579042, at *1 (Perez II).
>
> In 2008, after Perez finished serving his sentence, he filed a timely motion under CrR 7.8 to vacate his judgment and sentence in Skagit County Superior Court. Id. He alleged that the courtroom closure during voir dire violated his right to an open and public trial and that appellate counsel rendered ineffective assistance by failing to raise the issue on appeal. See id. at *2-3. His motion was stayed in the superior court, transferred to this court for consideration as a personal restraint petition under CrR 7.8(c)(2), and then stayed again by this court. Id. at *1.

REPORT AND RECOMMENDATION
PAGE - 2

1    In 2016, in an unpublished per curiam decision, we granted relief. Id.
2    Based on the analysis in Coogin, 182 Wn.2d at 119, we concluded that Perez did
     not invite the error. Perez II, WL 2016 3579042 at *3 [sic]. And, relying on
3    Morris, 176 Wn.2d at 161, we held that Perez was entitled to relief based on the
     ineffective assistance of appellate counsel:

4            There is no dispute that the trial court closed the courtroom
5        when it privately questioned potential jurors during voir dire in
         chambers without first conducting a Bone-Club analysis. This was
6        a violation of Perez's constitutional right to a public trial. Because
         this error would have been presumed prejudicial on direct appeal,
7        appellate counsel was ineffective for failing to raise it.

8    Id. at *2[.]

9        The State sought discretionary review. The Washington State Supreme
     Court stayed the matter pending its resolution of Salinas, and then remanded
10   Perez's petition for our reconsideration in light of its decision.

11   (Dkt. # 9-1, Ex. 3 at 2-4 (footnotes omitted).)

12       On January 21, 2020, the Washington Court of Appeals issued an unpublished opinion

13   denying Petitioner's personal restraint petition. (See id., Ex. 3.) The Court of Appeals concluded

14   that, applying Salinas to the facts of Petitioner's case, Petitioner was not entitled to relief

15   because he failed to demonstrate that he was prejudiced by the courtroom closure. (Id.) Petitioner

16   filed a motion for discretionary review in the Washington Supreme Court. (Dkt. # 11-1, Ex. 39.)

17   The Supreme Court Commissioner agreed with the conclusion of the Court of Appeals and

18   denied review on May 19, 2020. (Id., Ex. 40.) Petitioner moved to modify the Commissioner's

19   ruling, but that motion was denied by the Chief Justice of the Supreme Court on September 10,

20   2020. (Id., Exs. 41-42.) The Court of Appeals issued a mandate in Petitioner's personal restraint

21   proceedings on September 28, 2020. (Id., Ex. 43.) Petitioner now seeks federal habeas review of

22   his convictions.

23

REPORT AND RECOMMENDATION
PAGE - 3

1

### III.    DISCUSSION

2

Petitioner raises a single ground for relief in his federal habeas petition. Specifically,

3
Petitioner asserts that he was denied his right to effective assistance of appellate counsel because

4
counsel failed to argue on direct appeal that Petitioner's right to a public trial was violated when

5
the trial court privately questioned some potential jurors in chambers. (Dkt. # 1 at 4.) Respondent

6
concedes that Petitioner properly exhausted his claim in the state courts. (Dkt. # 8 at 5.)

7
Respondent argues, however, that the Washington courts reasonably denied the claim in

8
Petitioner's personal restraint proceedings. (*See id*. at 10-16.)

9

### A.    Standard of Review

10

Federal habeas corpus relief is available only to a person "in custody in violation of the

11
Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas corpus

12
petition may be granted with respect to any claim adjudicated on the merits in state court only if

13
the state court's decision was contrary to, or involved an unreasonable application of, clearly

14
established federal law, as determined by the Supreme Court, or if the decision was based on an

15
unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

16

Under the "contrary to" clause, a federal habeas court may grant the writ only if the state

17
court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law,

18
or if the state court decides a case differently than the Supreme Court has on a set of materially

19
indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the

20
"unreasonable application" clause, a federal habeas court may grant the writ only if the state

21
court identifies the correct governing legal principle from the Supreme Court's decisions, but

22
unreasonably applies that principle to the facts of the prisoner's case. *See id*. at 407-09.

23

REPORT AND RECOMMENDATION
PAGE - 4

The Supreme Court has made clear that a state court's decision may be overturned only if the application is "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 69 (2003). The Supreme Court has also explained that "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 88 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Clearly established federal law means "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Lockyer*, 538 U.S. at 71-72. "If no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law." *Brewer v. Hall*, 378 F.3d 952, 955 (9th Cir. 2004) (citing *Dows v. Wood*, 211 F.3d 480, 485-86 (9th Cir. 2000)).

In considering a habeas petition, this Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). If a habeas petitioner challenges the determination of a factual issue by a state court, such determination shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**B.    Ineffective Assistance of Appellate Counsel**

The Fourteenth Amendment guarantees a criminal defendant pursuing a first appeal as of right from his criminal conviction the effective assistance of counsel. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Claims of ineffective assistance of appellate counsel are evaluated under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See, e.g., Smith v.*

REPORT AND RECOMMENDATION
PAGE - 5

*Robbins*, 528 U.S. 259, 285 (2000). Under *Strickland*, a defendant must prove (1) that counsel's performance was deficient and, (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687.

At issue in this case is whether Petitioner's appellate counsel rendered ineffective assistance by failing to raise a public trial violation claim on direct appeal. The Sixth Amendment provides criminal defendants the right to a public trial. U.S. Const. amend. VI. The press and the public also have a qualified First Amendment right to attend a criminal trial. *See Waller v. Georgia*, 467 U.S. 39, 44-45 (1984) (citing *Globe Newspaper Co. v. Superior Court for Norfolk County*, 457 U.S. 596 (1982); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980)). The Supreme Court has recognized that the public trial right extends to voir dire proceedings. *Waller*, 467 U.S. at 45 (citing *Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501 (1984)). The public trial right was created for the benefit of defendants, and allows for the public to see that the accused is treated fairly, helps ensure that the judge and prosecutor carry out their duties responsibly, encourages witnesses to come forward, and discourages perjury. *Id.* at 46; *United States v. Sherlock*, 962 F.2d 1349, 1356 (9th Cir. 1989).

However, the right to a public trial is not absolute. It "may give way in certain cases to other rights or interests, such as the defendant's right to a fair trial or the government's interest in inhibiting disclosure of sensitive information." *Waller*, 467 U.S. at 45. The Supreme Court has made clear that "[t]he central aim of a criminal proceeding must be to try the accused fairly." *Id.* at 46; *see also Press-Enterprise Co.*, 464 U.S. at 508 ("No right ranks higher than the right of the accused to a fair trial.").

A violation of the right to a public trial is a structural error. *Weaver v. Massachusetts*, 137 S. Ct. 1899 (2017). The Supreme Court has recognized, however, that a public trial violation,

REPORT AND RECOMMENDATION
PAGE - 6

though structural in nature, does not render a trial fundamentally unfair in every case, and that the remedy for addressing such a violation depends upon the context in which it is raised. *Id*. at 1910. In *Weaver*, the Court explained that "in the case of a structural error where there is an objection at trial and the issue is raised on direct appeal, the defendant generally is entitled to 'automatic reversal' regardless of the error's actual 'effect on the outcome.'" *Id*. However, when a public trial violation is raised in the context of an ineffective assistance of counsel claim, the *Strickland* standard applies and a defendant must show either a reasonable probability of a different outcome in his case or show that the public trial violation was so serious as to render his trial fundamentally unfair. *Id*. at 1910-11.

Petitioner first raised his ineffective assistance of appellate counsel claim in a post-conviction motion filed in the superior court. (Dkt. # 10-1, Ex. 18.) The motion was transferred to the Washington Court of Appeals for consideration as a personal restraint petition (*id*., Ex. 19), and the Court of Appeals granted relief on the grounds that there was indisputably a public trial violation in Petitioner's case and that the error, if raised on direct appeal, would have been presumed prejudicial (dkt. # 11, Ex. 26). The Washington Supreme Court subsequently granted the State's motion for discretionary review and remanded the case to the Court of Appeals for reconsideration in light of its then recent decision in *In re Personal Restraint of Salinas*, 189 Wn.2d 747 (2018). (Dkt. # 11-1, Ex. 35.)

In *Salinas*, as here, the petitioner asserted an ineffective assistance of appellate counsel claim based on counsel's failure to raise a public trial right claim on direct appeal. *See Salinas*, 189 Wn.2d at 749-50. The *Salinas* court relied heavily on the United States Supreme Court's decision in *Weaver* in determining the appropriate prejudice analysis for claims of ineffective assistance of counsel brought in relation to a public trial violation. *Id*. at 760-64.

REPORT AND RECOMMENDATION
PAGE - 7

The Court of Appeals, in addressing Petitioner's ineffective assistance of appellate counsel claim on remand, began its analysis by discussing the *Salinas* decision and noting its reliance on *Weaver* to reach the conclusion that Salinas could not establish ineffective assistance of appellate counsel because he was required to demonstrate prejudice caused by the courtroom closure but failed to do so. (Dkt. # 9-1, Ex. 3 at 4-6.) The Court of Appeals then went on to explain that the *Weaver* and *Salinas* decisions dictated the result in Petitioner's case:

> In <u>Weaver</u>, the Court addressed and answered the following question: "[W]hat showing is necessary when the defendant does not preserve a structural error on direct review but raises it later in the context of an ineffective-assistance-of-counsel claim?" <u>Weaver</u>, 137 S. Ct. at 1910. The answer is that, in accordance with <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), a defendant must show deficient performance and resulting prejudice:

>> [N]ot every public-trial violation will in fact lead to a fundamentally unfair trial. Nor can it be said that the failure to object to a public-trial violation always deprives the defendant of a reasonable probability of a different outcome. Thus, when a defendant raises a public-trial violation via an ineffective-assistance-of-counsel claim, <u>Strickland</u> prejudice is not shown automatically. Instead, the burden is on the defendant to show either a reasonable probability of a different outcome in his or her case or . . . to show that the particular public-trial violation was so serious as to render his or her trial fundamentally unfair.

> <u>Weaver</u>, 137 S. Ct. at 1911 (citation omitted); <u>Salinas</u>, 189 Wn.2d at 763.

> In Salinas's case there was no objection at trial and no assertion of a public trial violation on direct appeal. Applying <u>Weaver</u>, our Supreme Court held that Salinas bore the burden to establish prejudice. <u>Salinas</u>, 189 Wn.2d at 764-65. He could not meet this burden because, apart from a limited portion of voir dire, the remainder of Salinas's trial was held in open court. <u>Id.</u> <u>Weaver</u> applies in exactly the same manner here because Perez did not object to the courtroom closure at trial and did not assert a public trial claim on direct appeal. In this situation, he is required to show prejudice.

> Perez does not attempt to make this showing. Instead, he insists that, despite not objecting at trial or raising the public trial issue on direct review, he is entitled to "automatic reversal" due to the structural nature of his claim. He claims

REPORT AND RECOMMENDATION
PAGE - 8

that inquiry into prejudice is required only when a public trial claim "could not
have been raised or would not have resulted in reversal on direct appeal."

Perez's argument ignores the clear and express holding of <u>Salinas</u> and
misses the point of <u>Weaver</u>. <u>Salinas</u> clearly controls and holds, based on <u>Weaver</u>,
that a closure of voir dire is not presumed prejudicial when there is no objection at
trial and no assertion of a public trial violation on direct appeal. [footnote omitted]
*Weaver*, 137 S. Ct. at 1910; *Salinas*, 189 Wn.2d at 764-65.

Perez has not met his burden to establish prejudice under *Strickland*. The
apparent goal of the questioning was to enable jurors to more freely discuss
potential bias arising out of experiences with sexual abuse or sexual offenses.
Although the courtroom was closed for a portion of voir dire, the questioning was
not conducted in secret or in a remote location and there is a record of the
proceeding. Both parties participated in the voir dire questioning. The remainder
of voir dire and the trial were held in open court. Perez cannot show a reasonable
probability the outcome would have been different and the violation did not
"pervade the whole trial or lead to basic unfairness." *Weaver*, 137 S. Ct. at 1913.
For this reason, in light of *Salinas*, Perez is not entitled to relief and his petition is
denied.

(*Id*., Ex. 3 at 7-9.)

The Washington Supreme Court Commissioner likewise rejected Petitioner's ineffective

assistance of appellate counsel claim in ruling on Petitioner's motion for discretionary review.

The Commissioner began by acknowledging that Petitioner's right to a public trial was violated,

and then went on to explain his conclusion that Petitioner was not entitled to relief:

Mr. Perez argues that because appellate counsel deprived him of the opportunity
for automatic reversal of his convictions by failing to raise the public trial issue on
direct appeal, he is entitled to relief now in the context of a claim of ineffective
assistance of counsel. He urges that this court's decision in *Salinas* was predicated
on the fact that trial counsel there invited the public trial violation, while here, the
Court of Appeals acknowledged that there was no evidence Mr. Perez's counsel
invited the violation. Thus, Mr. Perez urges, the Court of Appeals erred in relying
on *Salinas* to deny his personal restraint petition.

But while this court in *Salinas* did find that trial counsel there had invited
the error, and on that basis distinguished such cases as *Morris*, *see Salinas*, 189
Wn.2d at 759-60, Mr. Perez disregards the fact that the court went further,
explaining the appropriate prejudice analysis following the Supreme Court's then-

REPORT AND RECOMMENDATION
PAGE - 9

recent decision in *Weaver v. Massachusetts*, 137 S. Ct. 1899, 198 L. Ed. 2d 420 (2017). As the court observed, the Court in *Weaver* held that *where defense counsel objects to a courtroom closure* and raises the issue on direct appeal, prejudice is presumed. *Salinas*, 189 Wn.2d at 760-61. But where there is no timely objection at trial and the issue is not raised until a collateral challenge, the petitioner must demonstrate prejudice even in the context of a claim that appellate counsel was ineffective in not raising the issue. *Id*. at 761. "In other words, absent a timely preservation of the public trial error and a timely raising of the issue on direct appeal, a defendant alleging a public trial violation generally must show prejudice in order to get a new trial." *Id*. The court adhered to the notion, expressed in earlier opinions, that violation of the right to a public trial is a structural error, but it noted that the Court in *Weaver* reviewed the different categories of structural error and determined that the right to a public trial is not such that every violation of that right results in a fundamentally unfair trial. *Id*. at 761-62. Thus, when a public trial issue is not preserved on direct appeal, the defendant must show prejudice in a collateral challenge. *Id*. at 762-64. In *Salinas*, the court held that the petitioner could not demonstrate such prejudice.

Here, as in *Salinas* the courtroom closure was limited to the private questioning of some jurors and prospective jurors. The main trial proceedings were conducted in public, and nothing in the record indicates that the closed proceedings were prejudicial or deprived Mr. Perez of a fundamentally fair trial. Because the doctrine of presumed prejudice no longer has force when there is no objection at trial and the claim is not raised on direct appeal, the Court of Appeals properly denied Mr. Perez's personal restraint petition on the basis he demonstrated no prejudice.

(Dkt. # 11-1, Ex. 40 at 2-4 (emphasis in original).)

Petitioner argues in his federal habeas petition that the state courts applied the wrong test in evaluating whether he was prejudiced by his appellate counsel's failure to raise the public trial issue on direct appeal. (Dkt. # 1 at 5-7.) Petitioner maintains that the state courts erroneously applied the prejudice standard established by the Supreme Court in *Weaver* which pertains to claims that *trial* counsel failed to object to a courtroom closure during jury selection. (*Id*.) As discussed above, that standard requires a petitioner to show either a reasonable probability of a different outcome in his case or to show that the public trial violation was so serious as to render his trial fundamentally unfair. Petitioner asserts that where, as here, the issue would have been

REPORT AND RECOMMENDATION

PAGE - 10

cognizable on direct appeal, the proper prejudice inquiry is whether there is a reasonable

likelihood of reversal on appeal and not whether the petitioner's right to a fair trial was

prejudiced. (*Id.*)

Petitioner's attempt to distinguish *Weaver* based on the fact that it dealt with an

ineffective assistance of trial counsel claim rather than an ineffective assistance of appellate

counsel claim is unavailing. The Supreme Court, in *Weaver*, listed several reasons why the

standard for prejudice should be different when a public trial violation is raised for the first time

on collateral review emphasizing, in particular, the importance of finality in criminal

convictions:

> When an ineffective-assistance-of-counsel claim is raised in postconviction
> proceedings, the costs and uncertainties of a new trial are greater because more
> time will have elapsed in most cases. The finality interest is more at risk, see
> *Strickland*, 466 U.S., at 693-694, 104 S.Ct. 2052 (noting the "profound
> importance of finality in criminal proceedings"), and direct review often has given
> at least one opportunity for an appellate review of trial proceedings. These
> differences justify a different standard for evaluating a structural error depending
> on whether it is raised on direct review or raised instead in a claim of ineffective
> assistance of counsel.

*Weaver*, 137 S.Ct. at 1912. These considerations apply whether an unpreserved public trial

violation is raised as an ineffective assistance of trial counsel claim, as in *Weaver*, or as an

ineffective assistance of appellate counsel claim, as is the case here.

Given that Petitioner presented the public trial violation to the state courts in the context

of an ineffective assistance of counsel claim on collateral review, it was not unreasonable for the

state courts to apply *Weaver* and reject the claim based on Petitioner's failure to demonstrate

prejudice resulting from the underlying public trial violation. Indeed, Petitioner makes no effort

to challenge the conclusion of the state courts that he failed to demonstrate that the closed

proceedings were prejudicial or deprived him of a fundamentally fair trial. In sum, Petitioner has

REPORT AND RECOMMENDATION
PAGE - 11

not shown that the decision of the state courts was contrary to, or constituted an unreasonable application of, clearly established federal law. Accordingly, Petitioner's ineffective assistance of appellate counsel claim should be denied.

      **C.**    **Certificate of Appealability**  A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C.

§ 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability with respect to the claim asserted in his petition for writ of habeas corpus.

## IV.    CONCLUSION

      For the reasons set forth above, this Court recommends that Petitioner's petition for writ of habeas corpus be denied and this action be dismissed with prejudice. This Court further recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

      Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's

REPORT AND RECOMMENDATION
PAGE - 12

motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 5, 2021**.

DATED this 10th day of February, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 13